CHARLES E. HECHT and MARY V. HECHT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hecht v. Commissioner
Docket Nos. 3937-73, 3853-74.
United States Tax Court
T.C. Memo 1975-25; 1975 Tax Ct. Memo LEXIS 347; 34 T.C.M. (CCH) 115; T.C.M. (RIA) 750025; February 11, 1975, Filed *347 Charles E. Hecht, pro se. H. Stephen Kesselman, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: The petitioners, legal residents of Brooklyn, New York, allege that respondent erred in determining deficiencies of $1,380.60 and $1,797.05 in their Federal income tax for 1971 and 1972, respectively. Respondent has filed motions for judgment on the pleadings. The determined deficiencies are attributable to the disallowance of deductions claimed as a "war protest" and for "refusal to support war crimes and preparation for genocide" on petitioners' 1971 and 1972 income tax returns. In support of the allowance of those deductions, the petition in docket No. 3853-74 alleges the following: 4. The determination of tax set forth in the said notice of deficiency is based upon the following errors: a) Forcing our complicity in the commission of crimes against peace. b) Forcing our complicity in the commission of war crimes. c) Forcing our complicity in the commission of crimes against humanity. 5. The facts upon which the petitioners rely as the basis of this case are as follows: a) On December 11, 1946 the General *348 Assembly of the United Nations unanimously affirmed "theprinciplesofinternationallawrecognizedbytheCharteroftheNurembergTribunalandthejudgmentoftheTribunal." These principles include definitions of the crimes listed under 4a, 4b, and 4c above. b) The U.S. government's crimes against peace include the violation of the Geneva accords on Viet Nam of July 21, 1954, the overthrow of the peace-keeping government of Cambodia in March, 1970, etc. c) The U.S. government's war crimes in South East Asia have been widely documented for every year since at least 1965 and have indeed assumed the proportions of genocide. The terror bombing of civilians in Hanoi during December, 1972 is only one example from the calendar year here in question. d) The U.S. government's crimes against humanity are those under 5c above but also include a continuing conspiracy for the accomplishment of genocide via the use of nuclear weapons against the U.S.S.R., China, and possibly other targets. e) Complicity in the commission of any of the crimes defined by the Charter of the Nuremberg Tribunal is also defined as a *349 crime under international law (Principle VII of the Nuremberg Principles) and is subject to suitable penalties. * * * * * In docket No. 3937-73, the petition makes very similar allegations. Both petitions pray that the Court relieve petitioners of paying income tax in the respective amounts of the determined deficiencies on the ground that these amounts represent the approximate portions of their tax obligations for those years which were used by the United States Government for the alleged "crimes." For the purposes of the pending motions, respondent agrees that all well-pleaded material allegations are to be taken as true but contends that such allegations are not sufficient as a matter of law to support the claimed deductions. In numerous prior cases, this Court and other courts have held that alleged violations of international law, including the Geneva Convention and the Nuremberg Principles, by the United States in the conduct of its foreign relations do not provide a basis for relief from income tax. In , this Court stated: We are of the opinion that there is no principle of international law which operates *350 to relieve citizens from their tax obligations and liabilities under the laws of their country or which imposes upon them individual responsibility for the use made of tax revenue. Our opinion is in accord with the view expressed in (D.Tenn.), affirmed per curiam (C.A. 6), certiorari denied , wherein it was also stated: "The Nuremberg Judgment was based upon altogether different facts and does not support the theories of immunity here advanced." * * * * * See also, e.g., ; (C.A. 9, 1969), certiorari denied . We are compelled to follow these precedents. Accordingly, respondent's motions for judgment on the pleadings will be granted and Decisions will be entered for the respondent.