CHARLES E. HECHT and MARY V. HECHT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Hecht v. Commissioner
Docket No. 6811-75.
United States Tax Court
T.C. Memo 1976-2; 1976 Tax Ct. Memo LEXIS 398; 35 T.C.M. (CCH) 6; T.C.M. (RIA) 760002; January 7, 1976, Filed *398 Charles E. Hecht and Mary V. Hecht, pro se. A. J. Garfunkel, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency of $1,813.25 in petitioners' 1973 income tax. Petitioners herein dispute respondent's disallowance of their "war protest deduction" of $6,859.00. Respondent has moved for judgment on the pleadings under Rule 120, Tax Court Rules of Practice and Procedure.
Petitioners resided in New York City, New York, at the time they filed their petition. Petitioners have advanced a number of arguments concerning the merits of their position: (1) American activities in Indochina violate certain treaties to which the United States is a party. (2) Such American activities violate international law. (3) The payment of taxes for such activities constitutes criminal complicity under international law. (4) Congress has no power under the Constitution to engage in an aggressive war. (5) To require a citizen to choose between the conflicting demands of domestic and international law violates the due process clause of the fifth amendment to the Constitution. From each of the above arguments, petitioners *399 draw the general conclusion that they are absolved from paying taxes otherwise due. They also assert that they satisfy the standing requirements set forth in Flast v. Cohen,392 U.S. 83 (1968). Although many of the arguments advanced by petitioners have already been rejected on their merits by this Court (see, e.g., John David Egnal, 65 T.C. - (Nov. 4, 1975); Abraham J. Muste,35 T.C. 913 (1961)), we do not reach the merits of the instant case. [1] We hold, instead, that petitioners lack standing to advance their claims. Our recent opinion in Lorna H. Scheide, 65 T.C. - (Dec. 2, 1975), found that a taxpayer contesting the payment of war-related taxes did not meet the requirements of Flast v. Cohen regarding taxpayer standing. We further held in Scheide that standing to raise the issue of violations of international law could not be based upon a theory that payment of war-related taxes would result in criminal liability under *400 international law. Petitioners herein have likewise not met the Flast requirements. Flast first requires that the taxpayer attack a specific Federal appropriations statute empowered by the Taxing and Spending Clause of Article I, Section 8 of the Constitution. Petitioners herein have not attacked any such enactment and thus fail the first requirement of Flast.Supra at 102. Flast next requires that the taxpayer show "that the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power and not simply that the enactment is generally beyond the powers delegated to Congress by Art. I, § 8." Supra at 102-103. Petitioners make two arguments in their attempt to meet the second requirement of Flast. They first argue that the Taxing and Spending Clause itself is a specific constitutional limitation. This argument fails because it essentially asserts that Congress acted beyond its Art. I, Section 8 powers, a mode of argument expressly rejected by the Supreme Court in the above cited quote. Petitioners' second argument is based upon the Supremacy Clause of Article VI. They argue that, *401 under the Supremacy Clause, certain international agreements to which the United States became a party prior to its involvement in Indochina, such as the Hague and Geneva Conventions, limited the power of subsequent Congresses to appropriate funds for use in Indochina. That argument, however, was rejected long ago. The Chinese Exclusion Case,130 U.S. 581, 602-603 (1889). See also Schlesinger v. Reservists to Stop the War,418 U.S. 208, 227-228 (1974); United States v. Richardson,418 U.S. 166 (1974). Although we do not doubt the sincerity of petitioners' views, we find the above cited cases to be controlling. Congress has not made the obligation to pay taxes contingent upon approval by the Tax Court of the Government's military and political actions. Accordingly, respondent's motion for judgment on the pleadings will be granted. Decision will be entered for the respondent.
Footnotes
1. Petitioners herein have themselves recently litigated certain of these issues on their merits. Charles E. Hecht,34 T.C.M. 115↩, - P-H Memo. T.C. par. 75,025 (1975).